IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REBECCA SWEARINGER and KIM FREEMAN,<br><br>   Plaintiffs,<br><br>   v.<br><br>PASKENTA BAND OF NOMLAKI INDIANS TRIBAL BUSINESS COUNCIL,<br><br>   Defendant.<br>_____/ | No. C 13-2642 CW<br><br>ORDER GRANTING MOTION TO DISMISS (Docket No. 4) |

Plaintiffs Rebecca Swearinger and Kim Freeman brought this action against Defendant Paskenta Band of Nomlaki Indians (PBNI).[1] Defendant moves to dismiss the complaint. Plaintiffs oppose the motion. After considering the parties' submissions, the Court finds this matter suitable for decision without oral argument and now grants the motion with leave to amend.

BACKGROUND

The following facts are taken from Plaintiffs' complaint or statutes cited therein.

Plaintiffs are "enrolled members of the Paskenta Band of Nomlaki Indians," a federally recognized Indian tribe with "approximately 240 members." Docket No. 1, Compl. ¶¶ 11, 13-14. Although Congress revoked PBNI's status as a federally recognized

---

[1] Defendant is named in this lawsuit as the "Paskenta Band of Nomlaki Indians Tribal Business Council" but asserts that its true name is the Paskenta Band of Nomlaki Indians.

tribe in 1958, it later restored the tribe's federally recognized status in 1994 by enacting the Paskenta Band Restoration Act (PBRA), Pub. L. No. 103-454, §§ 301-03, 108 Stat. 4791 (codified as amended at 25 U.S.C. §§ 1300m et seq.). Compl. ¶ 21. The PBRA directed the Secretary of the Interior to conduct an "election for the purpose of adopting a constitution and bylaws for the Tribe." 25 U.S.C. § 1300m-6. The PBRA further states that, after the tribe adopts a constitution, "such tribal constitution shall govern membership in the Tribe." Id. § 1300m-4(b).

Plaintiffs allege that Defendant violated this provision of the PBRA. Compl. ¶¶ 1, 31-32. They further allege that Defendant violated their rights to due process and free speech under the Tribal Constitution and the United States Constitution. Id. ¶¶ 6, 22-35.

## DISCUSSION

Defendant moves to dismiss on sovereign immunity grounds, for lack of subject matter jurisdiction, and for failure to state a claim. Each of these grounds for dismissal is addressed in turn.

I. Sovereign Immunity[2]

"Indian tribes have long been recognized as possessing the common-law immunity from suit traditionally enjoyed by sovereign powers." Santa Clara Pueblo v. Martinez, 436 U.S. 49, 58 (1978). "Absent congressional or tribal consent to suit, state and federal

---

[2] Defendant suggests in its brief that sovereign immunity provides a basis for dismissing the complaint for lack of subject matter jurisdiction. This order, however, addresses sovereign immunity separately from subject matter jurisdiction. "Although the concepts are related, sovereign immunity and subject matter jurisdiction present distinct issues." United States v. Park Place Associates, Ltd., 563 F.3d 907, 923 (9th Cir. 2009).

2

courts have no jurisdiction over Indian tribes; only consent gives the courts the jurisdictional authority to adjudicate claims raised by or against tribal defendants." Pan Am. Co. v. Sycuan Band of Mission Indians, 884 F.2d 416, 418 (9th Cir. 1989).

Here, Plaintiffs do not allege that PBNI has waived its immunity from suit. Accordingly, their claims against the tribe must be dismissed.

Plaintiffs note in their opposition brief that sovereign immunity does not shield individual members of PBNI's tribal council from certain suits for injunctive relief. See Salt River Project Agr. Imp. & Power Dist. v. Lee, 672 F.3d 1176, 1181 (9th Cir. 2012) (noting that the doctrine of sovereign immunity "permits actions for prospective non-monetary relief against state or tribal officials in their official capacity to enjoin them from violating federal law, without the presence of the immune State or tribe"). While this may be true, it still does not preclude dismissal here because Plaintiffs have not named any individual members of the tribal council as Defendants. Their complaint only identifies one Defendant, stating, "The Defendant is the Paskenta Band of Nomlaki Indians." Compl. ¶ 12.

Accordingly, Plaintiffs' complaint must be dismissed on the basis of sovereign immunity. Plaintiffs are granted leave to file an amended complaint that identifies, by name, specific members of PBNI's tribal council capable of providing the relief Plaintiffs seek. Plaintiffs may seek injunctive relief against these individuals to prevent them from violating the PBRA, provided that they cure the various other pleading deficiencies identified in this order. Salt River Project, 672 F.3d at 1181 (noting that

3

1 individual members of a tribal leadership council can be enjoined
2 "from violating federal law").

3 Plaintiffs may not challenge any action that these
4 individuals took pursuant to any tribal ordinance. United States
5 v. Oregon, 657 F.2d 1009, 1013 n.8 (9th Cir. 1981) (noting that
6 tribal sovereign immunity "also extends to tribal officials when
7 acting in their official capacity and within their scope of
8 authority"). Nor may Plaintiffs seek to circumvent tribal
9 sovereign immunity by relying on the Indian Civil Rights Act
10 (ICRA). "Nothing on the face of Title I of the ICRA purports to
11 subject tribes to the jurisdiction of the federal courts in civil
12 actions for injunctive or declaratory relief." Santa Clara
13 Pueblo, 436 U.S. at 59. "The only recognized exception to a
14 sovereign immunity defense under the ICRA is a habeas corpus
15 action," which may be brought only to challenge an order of
16 detention. Johnson v. Gila River Indian Cmty., 174 F.3d 1032,
17 1035 (9th Cir. 1999).

18 II. Lack of Subject Matter Jurisdiction
19     A.   Legal Standard under Rule 12(b)(1)
20 Dismissal is appropriate under Rule 12(b)(1) when the
21 district court lacks subject matter jurisdiction over the claim.
22 Fed. R. Civ. P. 12(b)(1). Federal subject matter jurisdiction
23 must exist at the time the action is commenced. Morongo Band of
24 Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376,
25 1380 (9th Cir. 1988). Subject matter jurisdiction is a threshold
26 issue which goes to the power of the court to hear the case.
27 Therefore, a Rule 12(b)(1) challenge should be decided before
28 other grounds for dismissal, because they will become moot if

4

dismissal is granted. Alvares v. Erickson, 514 F.2d 156, 160 (9th Cir. 1975).

A federal court is presumed to lack subject matter jurisdiction until the contrary affirmatively appears. Stock West, Inc. v. Confederated Tribes, 873 F.2d 1221, 1225 (9th Cir. 1989). An action should not be dismissed for lack of subject matter jurisdiction without giving the plaintiff an opportunity to amend unless it is clear that the jurisdictional deficiency cannot be cured by amendment. May Dep't Store v. Graphic Process Co., 637 F.2d 1211, 1216 (9th Cir. 1980).

B.  Analysis

Plaintiffs assert that federal subject matter jurisdiction exists under 28 U.S.C. § 1331, which gives district courts original jurisdiction over all civil actions arising under federal law. Compl. ¶ 8.

"A case arises under federal law within the meaning of § 1331 . . . if a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." Empire Healthchoice Assurance, Inc. v. McVeigh, 547 U.S. 677, 689–90 (2006) (quotation marks omitted). Thus, Plaintiffs here must show that the PBRA gives rise to the cause of action they have asserted. Because the PBRA does not create such a cause of action expressly, Plaintiffs must show that the statute does so impliedly.

Courts typically use a four-factor test to "determine whether a private right of action is implied in a federal statute." Townsend v. Univ. of Alaska, 543 F.3d 478, 486 (9th Cir. 2008)

5

1  (citing Cort v. Ash, 422 U.S. 66, 78 (1975)).  Under that test,
2  the court considers first whether "the plaintiff [is] one of the
3  class for whose especial benefit the statute was enacted."  Cort,
4  422 U.S. at 78.  Second, the court searches for "any indication of
5  legislative intent, explicit or implicit, either to create such a
6  remedy or to deny one."  Id.  Third, the court examines whether
7  the remedy the plaintiff seeks is "consistent with the underlying
8  purposes of the legislative scheme."  Id.  Finally, the court asks
9  whether the cause of action is "one traditionally relegated to
10 state law, in an area basically the concern of the States, so that
11 it would be inappropriate to infer a cause of action based solely
12 on federal law."  Id.  "Given the often vast gulf between tribal
13 traditions and those with which federal courts are more intimately
14 familiar, the judiciary should not rush to create causes of action
15 that would intrude on these delicate matters."  Santa Clara
16 Pueblo, 436 U.S. at 72 n.32.

17     In this case, it is impossible to determine whether the PBRA
18 gives rise to the cause of action Plaintiffs have asserted because
19 Plaintiffs have failed to articulate their claim clearly.  As
20 explained in greater depth below, Plaintiffs' complaint does not
21 contain enough factual details to discern exactly how PNBI, or its
22 tribal council, is alleged to have violated the PBRA.  As such, it
23 remains unclear whether the statute gives rise to a cause of
24 action or provides for the type of relief that Plaintiffs seek.

25     Because Plaintiffs' claims must be dismissed for other
26 reasons, the Court does not decide whether or not the PBRA creates
27 a private cause of action.  Similarly, because Plaintiffs have not
28 identified a factual basis for their due process or free speech

6

claims, the Court need not resolve the scope of Plaintiffs' rights under the Tribal or U.S. Constitutions at this time.  See <u>Lyng v. Northwest Indian Cemetery Protective Assn.</u>, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them.").

If Plaintiffs file an amended complaint, they must clearly identify a specific basis for subject matter jurisdiction. Plaintiffs may not rely on the ICRA as a jurisdictional basis for challenging the actions or decisions of any tribal official.  See <u>Santa Clara Pueblo</u>, 436 U.S. at 72 (holding that § 1302 of the ICRA "does not impliedly authorize actions for declaratory or injunctive relief against either the tribe or its officers").  As noted above, Plaintiffs may only invoke the ICRA as a basis for federal question jurisdiction if they have been subject to detention and seek to challenge their detention by means of a petition for habeas corpus.

III. Failure to State a Claim

   A.   Legal Standard under Rule 12(b)(6)

A complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a).  On a motion under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests.  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007).  In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most

7

favorable to the plaintiff.  NL Indus., Inc. v. Kaplan, 792 F.2d 896, 898 (9th Cir. 1986).  However, this principle is inapplicable to legal conclusions; "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not taken as true.  Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Twombly, 550 U.S. at 555).

When granting a motion to dismiss, the court is generally required to grant the plaintiff leave to amend, even if no request to amend the pleading was made, unless amendment would be futile. Cook, Perkiss & Liehe, Inc. v. N. Cal. Collection Serv. Inc., 911 F.2d 242, 246-47 (9th Cir. 1990).  In determining whether amendment would be futile, the court examines whether the complaint could be amended to cure the defect requiring dismissal "without contradicting any of the allegations of [the] original complaint."  Reddy v. Litton Indus., Inc., 912 F.2d 291, 296 (9th Cir. 1990).

B.   Analysis

Plaintiffs do not allege sufficient facts to support their claims.  Most importantly, their complaint does not specify how Defendant violated the PBRA.  The complaint alleges only that Defendant "enacted an Ordinance in violation of federal law" and subsequently "employed said Ordinance in order to deprive Plaintiffs of their rights pursuant to the Tribal Constitution." Id. ¶¶ 31-32.  Plaintiffs do not describe the specific terms of this ordinance, when it was enacted, how it violates federal law,

8

1 or how it deprived them of their rights under the Tribal or U.S.
2 Constitutions.[3]

3    The complaint also fails to provide any specific factual
4 details to support the allegation that "Defendant punished the
5 Plaintiff's [sic] for appealing a Tribal Election and petitioning
6 for redress of grievances, both rights guaranteed under the Tribal
7 Constitution."  Id. ¶ 26.  Plaintiffs do not explain, for
8 instance, what Defendant did to punish them, why they filed an
9 election appeal, which election they sought to appeal, when they
10 petitioned for redress of grievances, to whom they directed the
11 petition, and on what grounds they did so.  Instead, the complaint
12 simply alleges that "Defendant created a series of penalties
13 against [PBNI] members for exercising rights guaranteed under the
14 Tribal Constitution."  Id. ¶ 25.  This is insufficient to state a
15 claim.

16    Thus, because Plaintiffs' complaint lacks sufficient factual
17 allegations to discern the basis for this dispute, their claims
18 must be dismissed.  Plaintiffs are granted leave to amend provided
19 that their amended complaint contains sufficient factual
20 allegations to address the deficiencies outlined above.

21                            CONCLUSION

22    For the reasons set forth above, Defendant's motion to
23 dismiss (Docket No. 4) is GRANTED with leave to amend.  Plaintiffs

---

[3] Plaintiffs assert in a footnote to their opposition brief that they were "each suspended [from tribal membership] for 360 consecutive months."  Opp. 3 n.1.  However, it is not clear whether these alleged suspensions were issued pursuant to the ordinance identified in the complaint.  Furthermore, Plaintiffs' suspensions are not mentioned anywhere in the complaint itself.  Thus, Plaintiffs cannot rely on this allegation to avoid dismissal here.

9

may file an amended complaint within twenty-one days of this order.  The amended complaint must (1) name individual members of PBNI's tribal council as Defendants; (2) contain sufficiently detailed factual allegations to cure the deficiencies identified in this order; and (3) clearly identify a basis for federal subject matter jurisdiction, including any statutes that give rise to their federal causes of action and any specific waivers of sovereign immunity on which they intend to rely.  The amended complaint may not name PBNI as a Defendant.  If Plaintiffs fail to file an amended complaint within twenty-one days, this action shall be dismissed for failure to prosecute.

    Plaintiffs' attorney, Joseph Kitto, does not appear to be a member of the bar of this Court, as required by the local rules. See Civil L.R. 11-1(a)-(b) (requiring any attorney who practices in this district to be an active member of the California bar or an attorney who was admitted to another state's bar before September 1995 and who remains an active member of that bar). Accordingly, within three days of this order, Kitto must either seek admission to practice in this district or move to be admitted pro hac vice.

    IT IS SO ORDERED.

Dated: 8/27/2013

CLAUDIA WILKEN
United States District Judge

10